oral conversation between her and the representative of the company, the effect of which was that in the event she secured a better trade price for her Oakland automobile from some other dealer, this written agreement was to be of no effect.

We fail to see how, in view of this conversation the same can be treated as a condition precedent. Whether or not the agreement was to remain effective depends not on a condition precedent, but on a condition subsequent, and that is her ability to secure a better trade price for her Oakland automobile from some other dealer.

This rule enunciated by Jones and many other authorities only relates to conditions precedent and not to conditions subsequent. In our opinion, therefore, this oral conversation was incompetent, and prejudicial error was committed by admitting such evidence.

It must be observed also that after signing the written agreement between herself and the Frankel Chevrolet Company, Lillian Snyder delivered the Oakland roadster to the Chevrolet Company, and in view of the denial of the Frankel Chevrolet Company that such oral understanding took place, the testimony given to the effect that such oral understanding was had between the parties is, in our opinion, not dependable and must be regarded as of doubtful credence. She would not have been likely to have delivered the Oakland roadster to the Frankel Chevrolet Company, if such oral understanding was had between the parties. If we eliminate this oral understanding we have nothing left but the written contract between the parties, and the delivery of the Oakland roadster under it vested absolute title in the Frankel Chevrolet Company.

The action was for conversion. It does not need an exhaustive statement of the law to support the conclusion that an owner of property cannot be sued for converting his own property to his own use.

While not desiring to pass upon any other litigation which may take place between the parties in the future, it seems to us that if Lillian Snyder has any remedy at all, it would have to be based entirely and exclusively upon the written contract into which she entered with the Frankel Chevrolet Company.

Holding as we do, the judgment of the Municipal Court is ordered reversed, and final judgment is entered in favor of plaintiff in error.

Vickery, PJ, and Weygandt, J, concur.

## J. P. LOOMIS COAL & SUPPLY CO v GARCHEV

Ohio Supreme Court

No 22529. Decided March 4, 1931

Marshall, CJ, Jones, Matthias, Day, Kinkade and Robinson, JJ, concur.

Full opinion will be published later. Watch **Omnibus Index.**

## STREDELMAN v CINCINNATI (city)

Ohio Supreme Court

No 22516. Decided Mar. 4, 1931

Marshall, CJ, Day, Allen, Kinkade and Robinson, JJ, concur.

Full opinion will be published later. Watch **Omnibus Index.**